## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TATERS CONCRETE PUMP
SERVICE, LLC,**

     **Plaintiff,**

**v.**                                    **Case No: 8:24-cv-02197-MSS-SPF**

**SOUTHERN-OWNERS
INSURANCE COMPANY,**

     **Defendant.**

_____

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Defendant Southern-Owners Insurance Company's Motion to Dismiss for Failure to Join a Necessary and Indispensable Party, (Dkt. 22), and Plaintiff's response thereto. (Dkt. 28) Also before the Court is Defendant Southern-Owners Insurance Company's Amended Motion to Dismiss for Failure to Join Necessary and Indispensable Parties, (Dkt. 36), and Plaintiff's response. (Dkt. 43) Additionally, the Court considers Defendant Southern-Owners Insurance Company's Motion to Realign the Parties, (Dkt. 41), to which Plaintiff has not filed a response, and the Parties' Stipulation for Citizenship of the Parties. (Dkt. 42) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Southern-Owners' Amended Motion to Dismiss for Failure to Join Necessary and Indispensable Parties, (Dkt. 36), is **GRANTED IN PART and DENIED IN PART**, Southern-Owners' Motion to

Realign the Parties, (Dkt. 41), is **GRANTED**, and Southern-Owners' Motion to Dismiss for Failure to Join a Necessary and Indispensable Party, (Dkt. 22), is **DENIED AS MOOT**.

## I.    BACKGROUND

On August 28, 2024, Plaintiff Taters Concrete Pump Service, LLC ("Taters Concrete") filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (Dkt. 1 at 1) Defendant Southern-Owners Insurance Company ("Southern-Owners") removed the case to this Court on September 18, 2024 based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Id. at 2–4)

The underlying state court action arises out of a July 2021 automobile accident involving Rhonda Looper and Jonathan Villalobos, who was employed by Taters Concrete at the time.[1] (Id. at 75) On May 7, 2024, Ms. Looper filed suit against Mr. Villalobos and Taters Concrete seeking damages related to the accident. (Id. at 74)

Ms. Looper also named Bobbi Jo Shireman as a defendant, alleging that either Ms. Shireman or Taters Concrete owned the vehicle Mr. Villalobos was driving when the accident occurred (the "Vehicle"). (Id. at 75) The Vehicle was insured under an automobile policy issued by State Farm to Ms. Shireman (the "Auto Policy"). (Id. at 11) The Auto Policy covers liability, including vicarious liability, arising from the ownership, maintenance, and permissive use of the Vehicle. (Id.)

---

[1] Rhonda Looper v. Johnathan Villalobos, Bobbi Jo Shireman, and Tater's Concrete Services, LLP, No. 2022-CA-001317 (Fla. 6th Cir. Ct.).

In the underlying action, Ms. Looper alleges that Mr. Villalobos was driving the Vehicle with the owner's permission and was acting within the scope of his employment with Taters Concrete at the time of the accident. (Id. at 75–78) Therefore, Ms. Looper seeks to hold Taters Concrete vicariously liable for Mr. Villalobos's conduct. (Id.)

Because of the underlying action, Taters Concrete filed a complaint in this Court seeking a declaration that Southern-Owners must defend and indemnify it under the Commercial General Liability Policy Southern-Owners issued to Taters Concrete, identified as policy number 174612-20370016-21 (the "CGL Policy"). (Id. at 8–10) The policy was originally issued on November 10, 2020, and renewed for the coverage period spanning January 10, 2021, to January 10, 2022. (Id.) The CGL Policy contains a Hired Auto and Non-Owned Auto Liability provision, which provides automobile liability coverage to Taters Concrete only when no other insurance is available that offers similar coverage. (Dkt. 22 at 5)

Southern-Owners argues that the CGL Policy does not provide Taters Concrete coverage in this instance because coverage is available under the State Farm Auto Policy issued to Ms. Shireman. (Id. at 2–5) Initially, State Farm provided Taters Concrete with a defense under a reservation of rights in the underlying action, but it subsequently concluded that Taters Concrete was not an insured under its Auto Policy. (Id. at 4)

Southern-Owners moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. (Dkt. 22 at 1) Southern-

3

Owners contended that because the State Farm Auto Policy may provide coverage for the same liability at issue, State Farm is an indispensable party to this action. (Id. at 2–5) Southern-Owners further noted that State Farm is a foreign corporation conducting business in Florida, and its joinder would not destroy diversity jurisdiction. (Id. at 2)

Taters Concrete opposed the motion, arguing that State Farm already completed its coverage investigation and explicitly determined that Taters Concrete is not entitled to coverage under the Auto Policy. (Dkt. 28 at 2) (Id.)

Then, on April 29, 2025, Southern-Owners filed the Amended Motion to Dismiss for Failure to Join Necessary and Indispensable Parties. (Dkt. 36) In this motion, Southern-Owners renews its argument that State Farm is an indispensable party to this action. (Id.) Southern-Owners also asserts that Bobbi Jo Shireman, Rhonda Looper, Jonathan Villalobos, and Sammy Hernandez must be joined as parties to this action. (Id.) Sammy Hernandez is a co-owner of Taters Concrete with Bobbi Jo Shireman. (Id. at 3)

Taters Concrete does not oppose the joinder of Ms. Looper as a plaintiff in this action. (Dkt. 43 at 7) However, Taters Concrete opposes Southern-Owners' Amended Motion as to Bobbi Jo Shireman, Jonathan Villalobos, and Sammy Hernandez. (Id. at 5–6) Taters Concrete argues these individuals are not indispensable parties because they have no legal interest in the outcome of this litigation. (Id. at 5) Specifically, Taters Concrete notes that State Farm affords coverage to Ms. Shireman, Mr. Villalobos, and Mr. Hernandez. (Id. at 6)

4

The Parties stipulate that Taters Concrete, Ms. Shireman, Mr. Hernandez, Ms. Looper, and Mr. Villalobos are all residents and citizens of Florida. (Dkt. 42) The Parties also stipulate that Southern-Owners is incorporated in Michigan and maintains its principal place of business in Michigan, and State Farm is incorporated in Illinois and maintains its principal place of business in Illinois. (Id.)

If the Court grants Southern-Owners' Amended Motion to Dismiss and joins the proposed parties to this action, Southern-Owners requests in the Motion to Realign the Parties that Ms. Looper, Mr. Villalobos, Ms. Shireman, and Mr. Hernandez be joined as plaintiffs together with Taters Concrete, and that State Farm be joined as a defendant. (Dkt. 41) Taters Concrete indicates it does not object to the Court granting the Motion to Realign the Parties if the Court grants the Amended Motion to Dismiss over Taters Concrete's objection. (Id. at 8)

## II.     LEGAL STANDARD

A party may move to dismiss a case under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under the criteria set forth in Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19; see Challenge Homes, Inc. v. Greater Naples Care Ctr. Inc., 669 F.2d 667, 669 (11th Cir. 1982). Rule 19 provides a two-part inquiry for determining whether a party must be joined. First, the court must ascertain whether the party in question must be joined, if feasible. Challenge Homes, Inc., 669 F.2d at 669.

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

5

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impeded the person's ability to   protect the interest; or
> >
> > (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). In determining whether a party must be joined if feasible under Rule 19(a), "pragmatic concerns, especially the effect on the parties and the litigation, control." Challenge Homes, 669 F.2d at 669 (citations omitted).

If, after applying the factors of Rule 19(a), the court determines that a person must be joined, but joinder is not feasible, then the court must assess whether, in equity and good conscience, the litigation may proceed among the existing parties or must be dismissed. In this assessment, the Court applies the factors enumerated in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A)       protective provisions in the judgment;
> >
> > (B)       shaping the relief; or
> >
> > (C)       other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). The party invoking Rule 19 has the burden of demonstrating which Rule 19(b) factors require dismissal "in equity and good conscience." See Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003).

There is no prescribed formula for determining in every case whether a party is indispensable. It is an issue that must be decided in the context of the particular litigation. See Provident Tradesman Bank & Tr. Co. v. Patterson, 390 U.S. 102, 118–19 (1968) (citations omitted). The court is not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party. See Rook v. First Liberty Ins. Corp., 591 F.Supp.3d 1178, 1179 (N.D. Fla. 2022); see also Aldar Tobacco Grp., LLC v. Am. Cigarette Co. Inc., 2009 WL 10682051 at *1 n.1 (S.D. Fla. June 18, 2009) ("The Eleventh Circuit has never articulated a standard for district courts to follow in analyzing Rule 12(b)(7) motions, but its sister circuits allow for review outside the four corners of the complaint.").

## III.    DISCUSSION

The Court finds that State Farm and Rhonda Looper are indispensable parties and must be joined in this action because their joinder is feasible. However, Bobbi Jo Shireman, Jonathan Villalobos, and Sammy Hernandez are not indispensable parties under Rule 19(a), and the Court declines to require their joinder.

### a.  State Farm

The Court finds, in consideration of the 19(a)(1) factors, that State Farm is an indispensable party that must be joined in this case. First, the Court notes that State

Farm's joinder will not deprive this Court of subject-matter jurisdiction because State Farm's citizenship is diverse from every other Party's citizenship.

Complete relief cannot be granted among the existing parties if State Farm is not joined. Southern-Owners CGL Policy's Hired Auto and Non-Owned Auto Liability provision applies only if no other insurance offers similar coverage. Determining whether Southern-Owners' CGL Policy provides coverage first requires establishing whether State Farm's Auto Policy provides liability coverage to Taters Concrete for the underlying action. The determination of State Farm's coverage is essential to resolving this case.

As Southern-Owners explains, State Farm issued an Auto Policy to a co-defendant in the underlying action, covering liability, including vicarious liability, arising from the ownership, maintenance, and permissive use of the Vehicle. State Farm initially defended Taters Concrete under a reservation of rights but later denied coverage without explaining why Taters Concrete does not qualify as an insured. Its unilateral determination does not obligate Southern-Owners to defend and indemnify. Rather, the Court must make this determination with all parties present. Without such a determination, it cannot be conclusively declared that coverage under the CGL Policy is triggered. As a result, the Court finds that complete relief cannot be provided without analysis and interpretation of State Farm's Auto Policy. Joinder of State Farm is therefore necessary to fully resolve the case and prevent future litigation.

Southern-Owners also argues that State Farm's absence may impede State Farm's legally protected interest because in determining the applicability of Southern-

8

Owner's CGL Policy, the Court will have to interpret State Farm's Auto Policy. State Farm has a contractual and legal interest in ensuring the Court correctly interprets State Farm's coverage in the Auto Policy. See Gulf Tampa Drydock Co. v. Great Atl. Ins. Co., 757 F.2d 1172, 1174 (11th Cir. 1985) (stating that under Florida law, the court interprets an insurance contract as a matter of law). Because the Court must interpret State Farm's obligations under its Auto Policy, a judgment in this action, rendered in State Farm's absence, could as a practical matter impair or impede its ability to protect its interests.

Southern-Owners also argues that it will be at substantial risk of double multiple, or inconsistent declarations if State Farm is not joined. The Court agrees. By way of example, if the Court determines that Southern-Owners has a duty to indemnify Taters Concrete under the CGL Policy, while another court later determines that State Farm has a duty to indemnify Taters Concrete under its Auto Policy, Southern-Owners could face inconsistent obligations that conflict with the express terms of the CGL Policy. See Rook, 591 F.Supp.3d 1178 at 1180 (joining an insured to prevent double, multiple, or otherwise inconsistent judgments regarding coverage obligations). To ensure consistency and avoid conflicting rulings, both insurers' obligations must be determined concurrently.

Moreover, the risk of inconsistent outcomes is not limited to Southern-Owners. Taters Concrete also faces a substantial risk of double multiple or inconsistent declarations if State Farm is not joined. If this Court finds that the State Farm Auto Policy provides coverage, thereby ruling that the Southern-Owners CGL Policy does

not, State Farm, as a non-party, would not be bound by this Court's determination. State Farm could later obtain a judgment in another proceeding that it owes no coverage. In that event, Taters Concrete would be left without coverage from either insurer. Such a result would deprive Taters Concrete of the relief it seeks in this action and expose it to liability in the underlying suit without the benefit of a defense or indemnity. To avoid this prejudicial and inconsistent outcome and to ensure that both insurers' obligations are resolved in a single proceeding, State Farm must be joined.

Therefore, the Court finds that complete relief cannot be afforded among the existing parties without joining State Farm to this lawsuit, disposition of this action in the absence of State Farm will as a practical matter impair or impede its interests, and both Southern-Owners and Taters Concrete will be subjected to a substantial risk of multiple or inconsistent obligations.

If the court determines under Rule 19(a) that a person must be joined, but joinder is not feasible, then the court must then assess whether the case can proceed without the absent party or must be dismissed. See Fed. R. Civ. P. 19(b). Here, neither party has identified a reason that State Farm's joinder is not feasible. Accordingly, State Farm must be joined as a defendant in this action.

### b. Rhonda Looper

Taters Concrete does not oppose Southern Owners' Motion with respect to joining Rhonda Looper is an indispensable party in this action as a plaintiff. See Ranger Ins. Co. v. United Housing of New Mex., Inc., 488 F.2d 682, 683 (5th Cir. 1974) (holding that, in an insurer's declaratory judgment action against its insured to

determine coverage for claims arising out of an airplane crash, the tort claimants who sued the insured were indispensable parties under Rule 19);[2] <u>Sullivan v. Everett Cash Mut. Ins. Co.</u>, No. 19-11943, 2023 WL 1521579, at *2 (11th Cir. 2023) (quoting Mary Kay Kane, 20 Fed. Prac. & Pro. Deskbook § 32 (2d ed. & Apr. 2022 update)) ("Generally, '[w]hen an insured tortfeasor brings an action against his insurer for a declaratory judgment as to his coverage and names the person suing him as a defendant along with his insurer, the tort claimant will be realigned as a plaintiff, since the injured party and the insured have an identical interest in having it held that the insurance covers the accident in question.'").[3] Ms. Looper's joinder as a plaintiff is feasible because she is a citizen of Florida; her citizenship is diverse from the citizenship of the defendants, as Southern-Owners is a citizen of Michigan, and State Farm is a citizen of Illinois.

Because Taters Concrete does not oppose Southern-Owners' request that Ms. Looper be joined in this action, Ms. Looper's joinder is feasible, and her joinder appears to be consistent with binding precedent, the Court **GRANTS** Southern-Owners' Amended Motion as to Ms. Looper.

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. <u>See</u> 11th Cir. R. 36-2." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

### c. Bobbi Jo Shireman, Jonathan Villalobos, and Sammy Hernandez

Bobbi Jo Shireman, Jonathan Villalobos, and Sammy Hernandez are not indispensable parties under Rule 19. Southern-Owners asserts Ms. Shireman is indispensable because she owned the Vehicle and because she is the named insured under the Auto Policy. (Dkt. 36 at 14) Southern-Owners argues Mr. Villalobos must be joined because he is the alleged tortfeasor in the underlying action. (Id.) As for Mr. Hernandez, Southern-Owners contends he must be joined because he is a co-owner of Taters Concrete. (Id.) Taters Concrete responds that State Farm has afforded coverage to all three of these individuals, and Taters Concrete does not, by this action, seek to impact State Farm's coverage determination as to these individuals. (Dkt. 43 at 5–6)

The dispute in this case is whether State Farm or Southern-Owners insures Taters Concrete with respect to the motor vehicle accident that gave rise to the underlying action. Taters Concrete seeks a declaration that Southern-Owners must defend and indemnify Taters Concrete in the underlying action because the State Farm Auto Policy does not provide coverage to Taters Concrete for the accident that injured Ms. Looper. Assuming State Farm is added as a defendant, the Court may accord complete relief in this case by determining the insurers' obligations to Taters Concrete under their policies. Southern-Owners does not explain with any specificity how Ms. Shireman, Mr. Villalobos, or Mr. Hernandez would be adversely affected by the resolution of this action in their absence.

The Court notes that, upon review of the Auto Policy, it appears Ms. Shireman and Mr. Villalobos qualify as insureds under the Auto Policy. The Auto Policy defines

"insured" to include Ms. Shireman, the named insured, for the use of the Vehicle, and "any other person for his or her use of" the Vehicle with Ms. Shireman's express or implied permission. (Dkt. 22-3 at 6) As Taters Concrete indicates in its response, State Farm's coverage for Ms. Shireman's and Mr. Villalobos's is not in dispute. Thus, it does not appear that a determination of which insurer must indemnify Taters Concrete will affect the coverage for Ms. Shireman and Mr. Villalobos. Importantly, also, the Court notes that the insured owner of a vehicle involved in an accident is not necessarily an indispensable party in a declaratory judgment action regarding coverage. See St. Paul Fire & Marine Ins. Co. v. Lee, No. 07-cv-756, 2007 WL 9723107, at *1 (M.D. Fla. May 10, 2007). Finally, Mr. Hernandez's interest in the outcome of this action as a co-owner of Taters Concrete, a limited liability company, is sufficiently protected and represented by Taters Concrete's participation in this litigation.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Defendant Southern-Owners Insurance Company's Motion to Dismiss for Failure to Join a Necessary and Indispensable Party, (Dkt. 22), is **DENIED AS MOOT**.

2. Defendant Southern-Owners Insurance Company's Amended Motion to Dismiss for Failure to Join Necessary and Indispensable Parties, (Dkt. 36), is **GRANTED IN PART and DENIED IN PART**.

3. Defendant Southern-Owners Insurance Company's Motion to Realign the Parties, (Dkt. 41), is **GRANTED**.

4. Plaintiff Taters Concrete is **DIRECTED** to file an Amended Complaint within fourteen (14) days of the date of this Order. Taters Concrete must amend the Complaint and its allegations to add Rhonda Looper as a plaintiff and State Farm as a defendant. Taters Concrete must seek leave of this Court to amend the complaint in any other aspect.

**DONE and ORDERED** in Tampa, Florida this 30th day of May 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

14